IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TREE PEAS IN A POD, LLC | * | CIVIL ACTION NO. 6:15-cv-02296 |
| f/k/a RYAN PARRISH d/b/a | * | |
| THREE PEAS IN A POD | * | JUDGE REBECCA F. DOHERTY |
| | * | |
| VERSES | * | MAGISTRATE JUDGE |
| | * | CAROL B. WHITEHURST |
| ABABY, INC. d/b/a | * | |
| ABAY.COM, et al. | * | |

**********************************************************************

## DEFENDANT PAYPAL, INC.'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant PayPal, Inc. ("PayPal"), pursuant to Fed. R. Civ. Pro. 12(b)(6), and respectfully submits this Memorandum of Law in Support of its Motion to Dismiss. For the reasons discussed below, because Plaintiff has failed to plead that PayPal breached any term of the contract ("User Agreement") between Plaintiff and PayPal, Plaintiff's singular claim against PayPal for breach of contract should be dismissed.

### I.   INTRODUCTION

This suit is an attempt by Plaintiff Three Peas in a Pod, LLC ("Three Peas"), a manufacturer and seller of custom fleece blankets and shower curtains, to hold PayPal liable for credit card chargebacks that were neither initiated by PayPal, nor decided by PayPal. The chargebacks at issue were initiated by the purchaser of Plaintiff's products, Defendant ABABY, Inc. ("ABABY"), and the propriety of the chargebacks was determined by ABABY's credit card companies. Despite these indisputable facts, Plaintiff baldly alleges that PayPal breached the PayPal User Agreement by failing to "properly or sufficiently investigate the claims made by ABABY, Inc. before initiating a chargeback on Plaintiff's PayPal account." Amended Complaint at ¶ 25.

As clearly stated in the User Agreement, PayPal neither initiates chargebacks (a fact that Three Peas admits in the Complaint), nor makes the determination who wins a disputed chargeback. The User Agreement makes clear that "Chargebacks" are "request[s] that a buyer files directly with his or her debit or credit card company or debit or credit card issuing bank to invalidate a payment." The User Agreement further states that PayPal does not make the determination regarding whether the chargebacks should be allowed: "[i]f a sender of a payment files a Chargeback, the credit card issuer, not PayPal, will determine who wins the Chargeback." Finally, the User Agreement clearly and unambiguously discloses the risk of chargebacks: "Payments received in your Account may be reversed at a later time, for example, if such a payment is subject to a Chargeback. . . ."

In short, Plaintiff has failed to identify in the Amended Complaint any term of the User Agreement that PayPal is alleged to have breached relating to the chargebacks at issue in this case. Thus, Plaintiff's singular claim against PayPal for breach of contract should be dismissed.

## II.   BACKGROUND FACTS

### A.   Factual allegations pled in the Complaint/Amended Complaint.

Three Peas manufacturers and sells consumer merchandise, including custom fleece blankets and shower curtains. Petition for Breach of Contract, Declaratory Judgment, Damages and Petition on Open Account [Docket No. 1-1] ("Complaint" or "Comp.") at ¶ 2-3. (A copy of the Complaint is attached to the Motion as Exhibit A.) In November 2014, ABABY placed a large order for custom fleece blankets and shower curtains. Id. at ¶ 5. Because of the large quantity of fleece blankets and shower curtains ordered by ABABY, ABABY was provided discounted bulk pricing of $47.00 per shower curtain and $17.00 per fleece blanket. Id. at ¶ 6-8. Three Peas began manufacturing and shipping the product, with a large quantity of shower

curtains and fleece blankets received and accepted by ABABY. Id. at ¶ 10. In its continuing efforts to fulfil the order, Three Peas shipped 240 shower curtains and 1,170 fleece blankets. Id. at ¶ 11. On two occasions, ABABY refused to accept this shipment. Id.

On or about December 23, 2014, ABABY sent an email to Three Peas requesting that Three Peas stop production of the remainder of the bulk order and that Three Peas ship to ABABY the remainder of the products already manufactured and for which ABABY already has paid for. Id. at ¶ 12. Three Peas complied with this request. Id. at ¶ 13. In total, based upon the normal pricing of $50.00 per shower curtain and $30.00 per blanket (because ABABY did not fulfill its bulk order), Three Peas sent ABABY $307,260 worth of merchandise, and ABABY sent and Three Peas has received $307,710. Id. at ¶ 14-15. Additionally, due to ABABY refusing to accept the final shipment from Three Peas, Three Peas has incurred storage costs of $1,575.65 as of the date of commencement of this action, storage fees of $104 per month, legal fees, court costs, and shipping costs of $379.63. Id. at ¶ 14.

ABABY provided payment by credit cards to Three Peas through PayPal.[1] Id. at ¶ 16. After transmitting payments to Three Peas, Three Peas alleges that ABABY "has caused Plaintiff's PayPal Account. . . to charge back in excess of $70,000, stating that they failed to receive merchandise that they have already paid for, causing Plaintiff's PayPal account to reflect a negative balance in excess of $70,000." Compl. at ¶ 16. Further, Three Peas alleges that these "assertions and claims made to PayPal are false and inaccurate." Id.

Despite the fact that Three Peas admits in the Complaint that ABABY "caused" the chargebacks, Id. at ¶ 16, Three Peas has asserted a breach of contract claim against PayPal relating to these chargebacks. Specifically, Three Peas alleges that PayPal breached "its own

---

[1] PayPal is a payment services provider that helps users make payment to and accept payment from third parties. See Exhibit C at pg. 3. PayPal is an independent contractor for all purposes and does not have control of or liability for the products or services that are paid for with PayPal Services. Id.

02344846                                        3

Terms and Conditions [(User Agreement)] in failing to properly or sufficiently investigate the claims made by ABABY, Inc. before initiating a chargeback on Plaintiff's PayPal account." See Amended Complaint [Docket No. 41] at ¶ 25. (A copy of the Amended Complaint is attached to the Motion as Exhibit B.) Three Peas seeks to recover from PayPal "the chargeback amounts charged to Plaintiffs PayPal account." Id. at WHEREFORE paragraph at subparagraph 2.

### B. The PayPal User Agreement.

The PayPal User Agreement is the "contract" between Three Peas and PayPal that "applies" to Three Peas' "use of the PayPal Services." Exhibit C at pg. 1.[2] By making use of the PayPal Services described in the User Agreement, Three Peas "accept[ed] all of the terms and conditions contained" in the User Agreement. Id.

The User Agreement plainly states in the Preamble that chargebacks are a "risk of using the PayPal Services":

> Please note the following risks of using the PayPal Services, which are set forth in more detail in the relevant sections of this Agreement:
>
> Payments received in Your Account may be reversed at a later time, for example, if such a payment is subject to a Chargeback, Reversal, Claim or is otherwise invalidated. This means that for some of our Sellers, payments received into their Accounts may be returned to the sender or otherwise removed from their Account after they have been paid and/or delivered any goods or services sold.

Exhibit C at pg. 1. A "Chargeback" is defined as "a request that a buyer files directly with his or her debit or credit card company or debit or credit card issuing bank to invalidate a payment." Id. at pg. 31; see also The Entrepreneur's Dictionary of Business and Financial Terms, at pg. 96 (2013) (defining "chargeback" as a "credit card order which has been processed and is subsequently cancelled by the cardholder contacting the credit card company directly (rather than

---

[2] Attached to the Motion to Dismiss as Exhibits C and D are the iterations of the User Agreement in effect during the relevant time period of April 3, 2015 through June 11, 2015, when the chargebacks in question occurred. The relevant portions of the two versions of the User Agreement are identical, and all reference to the User Agreement contained in this Memorandum will be to Exhibit C.

through the seller). This results in the amount being 'charged back' to the seller.).[3] As the User Agreement makes clear, PayPal has no control over whether or when a customer initiate a chargeback or a credit card company's decision to reverse a charge disputed by a cardholder: **"4.4 Risk of Reversal, Chargebacks and Claims**. . . . If a sender of a payment files a Chargeback, the credit card issuer, not PayPal, will determine who wins the Chargeback." Exhibit C at pg. 8. Due to this inherent risk of chargebacks, the User Agreement unambiguously apprises users of PayPal's services that as a result of chargebacks payments received into the Seller's account "may be returned to the sender or otherwise removed from their Account after they have been paid and/or delivered any goods or services sold." Id. at pg. 1.

### III. ARGUMENT AND AUTHORITY

#### A. The 12(b)(6) standard.

In Louisiana Crawfish Producers Association-West v. Amerada Hess Corp., 919 F.Supp.2d 756 (W.D. La. 2013), the Court summarized the standard for evaluating a Rule 12(b)(6) motion to dismiss as follows:

> When reviewing a motion to dismiss, this Court's "analysis generally should focus exclusively on what appears in the complaint and its proper attachments." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.2012) *cert. denied*, — U.S. —, 133 S.Ct. 32, 183 L.Ed.2d 678 (2012) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006)). The Court reviews the motion to dismiss under Rule 12(b)(6), "*accepting all* well-pleaded *facts as true and viewing those facts in the light most favorable to the plaintiff*." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir.2010) (quotation marks omitted)(emphasis added). However, "[f]actual allegations must be enough to raise a right to relief *above the speculative level*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(emphasis added). "To survive a motion to dismiss, a complaint must contain *sufficient* factual matter, *accepted as true*, to' state a claim to relief that is *plausible on its face.*'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955) (emphasis added).

---

[3] When ruling on a Rule 12(b)(6) motion to dismiss, the Court "is entitled to rely on his 'common sense' and 'judicial experience,' and the 'common and accepted usage' and meanings of terms." Louisiana Crawfish Producers Association-West v. Amerada Hess Corp., 919 F.Supp.2d 756, 770 (W.D. La. 2013).

> Thus, pursuant to a 12(b)(6) inquiry, the Court is addressing the *sufficiency* of the facts plead, not their truth or the ultimate substantive application of those facts, and therefore, looks to whether the facts are "*well pleaded*" rather than to resolve the disputes or possible arguments suggested by, or, surrounding those facts. The jurisprudence instructs the nature of such an inquiry should look to whether a claim has facial plausibility where the pled facts allow a court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "**The plausibility standard is not akin to a 'probability requirement,' but it asks for** *more than a sheer possibility* that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955)(emphasis added). Stated differently, the jurisprudence instructs that if a plaintiff fails to allege, in his/her pleadings, facts sufficient to "*nudge [his or her] claims across the line from conceivable to plausible,* [his or her] complaint must be dismissed." *Mitchell v. Johnson*, 07–40996, 2008 WL 3244283 (5th Cir. Aug. 8, 2008) (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955)(emphasis added). Again, the jurisprudence instructs that determining whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

Id. at 761-62. (emphasis original)

Further, "[w]hen considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." Comeaux v. Trahan, 2012 WL 5400044, * 3 (W.D. La. 2012) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007) (finding consideration of insurance contracts unattached to the complaint permissible where they were attached to the motions to dismiss, referred to in the complaint, and central to the plaintiffs' claims); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); Causey v. Sewell Cadillac–Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir.2004); Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir.2003)).

**B.     Three Peas has failed to plead and there is no possibility that Three Peas can establish that PayPal breached any term of the User Agreement.**

Three Peas' breach of contract claim against PayPal should be dismissed as Three Peas has failed to plead that PayPal breached any term of the User Agreement.[4] See, e.g., H-M Wexford LLC v. Encorp, Inc., 832 A.2d 129, 140 (Del. Ch. 2003) ("Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) breach of that obligation by the defendant; and (3) resulting damage to plaintiff.").[5] Louisiana law is in accord with Delaware law. See, e.g., Favrot v. Favrot, 68 So.3d 1099, 1108-09 (La. App. 4th Cir. 2011) ("The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.) (citing 1436 Jackson Joint Venture v. World Constr. Co., Inc., 499 So.2d 426, 427 (La.App. 4th Cir. 1986); Hercules Machinery Corp. v. McElwee Bros., Inc., 2002 WL 31015598 at *9 (E.D. La. 2002) ("The central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages.")).

A cause of action for breach of contract will not lie where, as here, plaintiff "fails to identify any contractual provision that [the defendant] allegedly breached." Raul v. Rynd, 929 F.Supp.2d 333, 348 (D. Del. 2013) (granting motion to dismiss for failure to state a claim for breach of contract where "Plaintiff failed to identify any contractual provision that . . . [was]

---

[4] The User Agreement provides the "Terms and Conditions" referenced at paragraphs 24 and 25 of the Amended Complaint. Further, the User Agreement is central to Three Peas' breach of contract claim against PayPal, as the terms of the User Agreement define the contractual duties owed by PayPal to Three Peas. Thus, the Court may consider the terms of the User Agreement when ruling on the instant motion without converting it to a Rule 54 motion for summary judgment.

[5] Section 14.2 of the User Agreement provides that "the laws of the State of Delaware, without regard to principles of conflict of laws, will govern this User Agreement and any claim or dispute that has arisen or may arise between you and PayPal, except as otherwise stated in this User Agreement." See Exhibit C at pg. 27.

02344846                                          7

allegedly breached"); Anderson v. Wachovia Mortg. Corp., 497 F.Supp. 2d 527 (D. Del. 2007) (dismissing claim that defendant's conduct breach a contract where the plaintiff failed to identify "any express contract provision that was breached"); see also Favrot, 68 So.3d at 1109-10 (granting judgment as a matter of law for defendant because plaintiff failed to establish that defendant failed to perform any contractual obligation). Three Peas has failed to identify any contractual duty owed by PayPal to Plaintiff under the User Agreement relating to chargebacks. Thus, because no contractual duty is owed by PayPal to Plaintiff relating to chargebacks, Plaintiff's breach of contract claim against PayPal should be dismissed.

Moreover, as Three Peas has admitted in the Complaint, ABABY, not PayPal initiated the chargebacks at issue in this case: "**aBaby has caused Plaintiff's PayPal account**, which is used as a payment method in the course of Plaintiffs' internet based business, **to charge back in excess of $70,000**, stating that they failed to receive merchandise that they have already paid for, causing Plaintiff's PayPal account to reflect a negative balance in excess of $70,000." Compl. at ¶ 16. (emphasis added) Further, the User Agreement clearly states that the buyer's credit card company, not PayPal, makes the determination regarding whether the chargeback will be processed: "If a sender of a payment [(buyer)] files a Chargeback, the credit card issuer, not PayPal, will determine who wins the Chargeback." Exhibit C at pg. 8. Thus, PayPal neither initiated the chargebacks at issue in this case, nor did PayPal make the decision regarding whether the chargebacks would be permitted. Accordingly, Three Peas' breach of contract claim against PayPal should be dismissed.

## IV.   CONCLUSION

Three Peas has failed to plead that PayPal breached any term of the contract between Three Peas and PayPal. Thus, Three Peas' singular claim against PayPal for breach of contract fails as a matter of law and should be dismissed.

This the 17th day of June, 2016.

Respectfully submitted,

**PAYPAL, INC.**

s/ Tammye C. Brown
One of Its Attorneys


OF COUNSEL:

TAMMYE C. BROWN, Esq. (LA Bar Roll #29108)
Brunini, Grantham, Grower & Hewes, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902
tbrown@brunini.com

## CERTIFICATE OF SERVICE

Counsel for Defendant PayPal, Inc. do hereby certify that on this day I electronically filed a copy of the **MEMORANDUM IN SUPPORT OF PAYPAL INC.'S MOTION TO DISMISS** with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record registered to receive ECF filings.

Further, Counsel hereby certifies that I have mailed by United States Postal Service the document to the following:  None.

This the 17th day of June, 2016.

s/ Tammye C. Brown<br>
One of Its Attorneys