# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Three Peas In A Pod, LLC | Civil Action No. 6:15-02296 |
| versus | Magistrate Judge Carol B. Whitehurst |
| ABABY, Inc., et al | By Consent of The Parties |

## MEMORANDUM RULING AND ORDER

Before the Court is Defendant, ABABY, Inc.'s ("Ababy"), Motion For Summary Judgment [Rec. Doc. 79] and Motion For Summary Judgment On Counter Claim [Rec. Doc. 80], as well as Plaintiff, Three Peas In A Pod, LLC's ("Three Peas"), Opposition Memoranda thereto [Rec. Doc. 82; 83]. For the reasons that follow, Ababy's Motions For Summary Judgment will be denied.

### *I. Factual Background*

Plaintiff, Three Peas, filed this action for Breach of Contract, Declaratory Judgment, Damages and Petition on Open Account in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana against Defendant, Ababy and several other now terminated defendants. *R. 1-1*. On August 27, 2015, Ababy removed this action pursuant to the Court's diversity jurisdiction. On December 18, 2015, Ababy filed a Counterclaim against Three Peas asserting claims for Breach of Contract and Damages. *R. 28*.

Ryan Parrish is the principal of Three Peas.[1] Three Peas customizes and personalizes designs on multiple products, including bedding sets, fleece blankets, pillows, towels and shower curtains, all of which products Three Peas purchases from wholesalers. *R. 79-3, p. 7, 9*. Three Peas production of its products are typically accomplished through outside printers. *Id at p. 9*. Three Peas advertises and sells its services online through internet sites such as Etsy and Zulily. *Id at p. 8*. Prior to the transaction at issue, Three Peas had done business with Ababy, when Ababy's other vendors could not fulfill Ababy's orders. *Id at p. 20*. This prior business relationship, consisting of between 50 and 100 orders, led to the bulk order transaction at issue. *Id at p. 20-21*.

On November 13, 2014, Ababy placed an order by email for 13,020 30x40 fleece blankets and 5,910 70x70 shower curtains each customized and personalized with certain patterns, names, text or designs. *R. 82-13 (Exh. M)*. At the time the order was placed, Three Peas informed Ababy that its printer could only produce 1,020 shower curtains. Ababy agreed to that order and Three Peas designed, had manufactured and shipped 1,020 shower curtains. Ababy paid $48,960.00 for the order. *R. 82-17 (Exh. R)*.

Thereafter, Three Peas located another printer that could produce the remaining

---

[1] Parrish's deposition was taken on September 13, 2016. *R. 79-3 (Exh. A)*.

4,890 shower curtains and the 13,020 fleece blankets in accordance with the original bulk order placed by Ababy. Both parties agreed to move forward with the remainder of the bulk order. *R. 82-12 (Exh. L); R. 79-3 (Exh. A), p. 30 - 31*. The entire bulk order was for the amount of $500,130.00, including the $48,960 paid by Ababy for the original 1,020 shower curtains. *R. 79-3, pp. 27-28.*

On December 23, 2014, Ababy cancelled the remainder of the order. In total, Three Peas sent $307,260 in merchandise and Ababy paid $307,710 through its PayPal account. Ababy initiated a "chargeback" on its credit card through PayPal which caused Three Peas' PayPal account to reflect a negative balance of over $70,000.

Three Peas filed this action in the Fifteenth Judicial District Court, Lafayette Parish, and it was removed to this Court by Ababy on August 27, 2015. *R. 1*. Three Peas asserts claims against Ababy for breach of contract, declaratory judgment, damages, and petition on open account.

On December 19, 2014, Amazon.com cancelled all purchase orders for goods it had with Ababy. Ababy contends it intended to re-sell the goods it ordered and received from Three Peas on Amazon.com. Ababy further contends it sustained a total of $765,576 in lost revenue and $393,120 in lost profits as a result of the cancellation.

## II. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, 2012 WL 626201, *6 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[ (a) ] mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, 2011 WL 3880398, *5 (W.D. La. Sept. 2, 2011) (quoting *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations,

unsubstantiated assertions, or by only a scintilla of the evidence.'" Cormier v. W&T Offshore, Inc., 2013 WL 1567406, *7 (W.D. La. Apr. 12, 2013) (citing *Little*, 37 F.3d at 1075).

### *III. Law and Analysis*

In its motion for summary judgment, Ababy contends that Three Peas cannot establish a claim for breach of contract because Ababy lawfully cancelled/dissolved its agreement with Three Peas. *R. 79-2.* In support, Ababy cites its Statement of Undisputed Material Facts ("SUMF"), *R. 79-1,* which it represents are based on the deposition of Ryan Parrish, *R. 79-3.* Initially, Ababy contends that it had a right to dissolve the contract based on Three Peas' failure to perform, in particular, its failure to ship on time and to conform with Ababy's specifications, under La. Civil Code arts. 2013, 2014 and 2016. Ababy also contends that Three Peas cannot show that Ababy agreed to make the order non-cancellable or non-refundable and Ababy's cancellation of the order was valid under La. C. C. art. 2024. As to Three Peas' claims regarding Open Account, Ababy argues it did not create an Open Account because it paid for all merchandise it received without credit. Finally, Ababy argues that it is not contractually responsible for the chargebacks processed by PayPal in favor of Ababy because it was a third party beneficiary to the User Agreement.

In its motion for summary judgment on its Counter Claim against Three Peas,

5

Ababy contends that Three Peas failed to perform its obligation to Ababy. *R. 80-2.* In support of the contentions in its Counter Claim, Ababy cites its Statement of Undisputed Material Facts ("SUMF") based on Parrish's deposition many of which are identical to the SUMF related to its motion for summary judgment on Three Peas' claims against it. *R. 80-1.*

In opposing Ababy's motion for summary judgment against it, Three Peas specifically disputes eleven (11) of Ababy's undisputed facts in its SUMF, *R. 79-2*: 3, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14, and provides evidence in Parrish's testimony which it asserts is contrary to the correlating undisputed fact. *R. 82,* Also, in opposition to Ababy's motion for summary judgment on the counter claim, Three Peas disputes eleven (11) of Ababy's undisputed facts in that motion's SUMF, *R. 80-1*: 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14, and again provides evidence in Parrish's testimony contrary to the correlating undisputed fact. As to Ababy's argument related to the chargebacks on PayPal, resolution of that issue also depends on the outcome of the facts in dispute.

The following are *examples* of disputed SUMFs which are identical in both motions:

(1) SUMF 3, *R. 79-2, R. 80-1*, "Ababy made this agreement with Three Peas for the purpose of acquiring inventory for retail sale for the 2014 holiday season,

and for that reason required the merchandise be rushed and shipped to it as soon as possible"– Three Peas points out that Parrish testified he had no recollection that Ababy ever stated it needed the merchandise for the holiday season *R. 79-3, p. 32*;

(2) SUMF 7, *R. 79-2,* SUMF 6, *R. 80-1*, "Three Peas considered shipments made by Three Peas to Ababy, and payments made by Ababy to Three Peas as a 'continuation' of the agreement made by the parties by phone on or before November 13th, 2014"– Three Peas disputes Ababy's assertion that the shipments made by Three Peas to Ababy and Ababy's corresponding payments to Three Peas after their initial November 13, 2014 telephone agreement, was a "continuation" of their agreement. Three Peas argues that Parrish's testimony related to continuing email and telephone conversations subsequent to the November 13, 2014 telephone conversation establish that other terms and conditions were established and initial terms and conditions were modified, *Id. at p. 65*;

(3) SUMF 11, *R. 79-2*, SUMF 8, *R. 80-1*, "Shipments to Ababy were delayed as a result of Three Peas mixing up designs and personalization of merchandise"– Three Peas argues that delays in production and/or shipped were caused by Ababy changing their requirements for how merchandise was shipped after production and shipping had commenced, *Id at p. 32*, and were due to late and/or inconsistent payment by Ababy, *Id at. pp. 68, 71-72, 95.*

7

Based on these examples of the disputed deposition testimony involving both Motions, the Court finds that the parties have each submitted different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272 (5th Cir. 1991).

Accordingly,

**IT IS ORDERED** that ABABY, Inc.'s (1) Motion For Summary Judgment [Rec. Doc. 79] and (2) Motion For Summary Judgment On Counter Claims [Rec. Doc. 80] are **DENIED**.

**THUS DONE AND SIGNED** this 30th day of May, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE